**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1185-17T1

ROBERT G. MARTINEZ,
individually and d/b/a
ALL AROUND HOME IMPROVEMENT,
and JOAN G. MARTINEZ,

     Plaintiffs-Appellants,

v.

JOSEPH SWOMIAK, RONALD SWOMIAK,
BETTY SWOMIAK, CASH NOW, LLC,
and FAST CASH ON THE SPOT 2, LLC,

     Defendants,

and

HOME DEPOT U.S.A, INC.,

     Defendant-Respondent.

_____

          Submitted September 13, 2018 – Decided September 27, 2018

          Before Judges Currier and Mayer.

          On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2820-15.

Robert G. Martinez and Joan G. Martinez, appellants pro se.

High Swartz, LLP, attorneys for respondent (Mark R. Fischer, Jr., on the brief).

PER CURIAM

Plaintiffs Robert G. Martinez and Joan G. Martinez appeal from a September 29, 2017 order granting summary judgment in favor of defendant Home Depot U.S.A., Inc. (Home Depot).[1] Plaintiffs alleged Home Depot was aware that a former employee and co-defendant, Joseph Swomiak, was stealing construction items from their construction business, returning the stolen items to Home Depot for gift cards, and then visiting pawn shops to convert the gift cards to cash. Plaintiffs claimed Home Depot owed them a duty of care to prevent Swomiak's criminal activity and failed to implement a corporate policy to avoid such criminal schemes. We disagree and affirm.

---

[1] Plaintiffs' claims against defendants Fast Cash On the Spot 2, LLC, Cash Now, LLC, and Joseph Swomiak's parents, Ronald and Betty, were settled prior to argument on Home Depot's motion for summary judgment. Plaintiffs' claims against defendant Joseph Swomiak were voluntarily dismissed with prejudice.

Swomiak was employed in plaintiffs' construction business, All Around Home Improvement. Swomiak stole tools and materials from the business, was criminally charged with theft, and pleaded guilty.[2]

Swomiak's criminal conduct was simple. He stole items from his employer, returned the stolen items to Home Depot, and received a store credit in the form of a gift card. Swomiak presented no receipts when he returned the items to Home Depot. Plaintiffs claimed Swomiak made such exchanges at Home Depot on ninety-four separate occasions. According to plaintiffs, Home Depot knew or should have known Swomiak was stealing tools and materials, returning the items for a refund in the form of a store gift card, and converting the store gift card to cash. Plaintiffs also alleged Home Depot knew or should have known Swomiak was stealing from their construction business based on the number of returns he made and that the company should have questioned his transactions. Plaintiffs filed suit against Home Depot for conversion, aiding and abetting, fraud[3], and negligence.

---

[2] After pleading guilty, Swomiak was sentenced to jail and ordered to pay restitution in the amount of $30,443.73.

[3] Plaintiffs elected to withdraw their fraud claim against Home Depot.

A-1185-17T1

Home Depot filed an answer and the parties exchanged discovery. After expiration of the extended discovery period, Home Depot filed a motion for summary judgment. After reviewing the motion papers and hearing the arguments of counsel, the judge granted Home Depot's motion. The judge found no evidence Home Depot was aware Swomiak had stolen the items he was returning to the store. The judge concluded Home Depot owed no duty to third parties for Swomiak's wrongful conduct. He rejected plaintiffs' argument that Home Depot should have known something was amiss because Swomiak returned items ninety-four times to Home Depot, each time without presenting a receipt for the returned items. Similarly, the judge disagreed with plaintiffs' contention that Home Depot should have better trained its employees regarding returns. The judge declined to second guess Home Depot's corporate policy governing returns that allowed customers to return items at any time and for any reason. Absent Home Depot's knowledge of Swomiak's wrongful conduct, the judge concluded plaintiffs could not prevail on their claims.

On appeal, plaintiffs argue summary judgment was premature as discovery was incomplete. Plaintiffs also contend there were genuine issues of material fact, precluding entry of summary judgment.

A-1185-17T1

We review a grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). See also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 336, 378 (1995)).

To prove negligence, a plaintiff must demonstrate: (1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) injury. Townsend v. Pierre, 221 N.J. 36, 51 (2015). The plaintiff bears the burden of proving negligence. Khan v. Singh, 200 N.J. 82, 91 (2009).

On plaintiffs' negligence claim, the motion judge properly determined Home Depot owed no duty of care to plaintiffs. Because the duty of care is a legal question to be resolved by the court, the matter was ripe for summary judgment. Tarabokia v. Structure Tone, 429 N.J. Super. 103, 106 (App. Div.

2012). The judge found, "there is no legal duty that Home Depot has to protect its customers against theft once they transfer custody/control of the item into the hands of the purchaser." The judge concluded, "there is no body of law which would require holding a retail establishment responsible for the conduct of a third party who wrongfully deprives one of its customers of possession/control of the [sold item]."

Returns in the retail sales market are a daily occurrence and a retailer cannot be expected to reasonably foresee that returns by individuals who lack a store receipt evidences theft of the item from a third-party. Whether Home Depot refused to accept the return of goods did not alter the fact that the items were stolen by Swomiak. Contrary to plaintiffs' contention, no public interest or duty of care requires retailers to scrutinize customers who return items without a receipt. Absent a duty of care on the part of Home Depot, plaintiffs' negligence claim was properly dismissed.

To prevail on a claim for conversion, a plaintiff must prove "the wrongful exercise of dominion and control over property owned by another inconsistent with the owners' rights." LaPlace v. Briere, 404 N.J. Super. 585, 595 (App. Div. 2009). "'Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that

the actor may justly be required to pay the other the full value of the chattel.'" Chicago Title Ins. Co. v. Ellis, 409 N.J. Super. 444, 454 (App. Div. 2009) (quoting Restatement (Second) of Torts, § 222A(1) (1965)). If the person who committed the theft or conversion "has spent the money to buy goods or services, the victim cannot recover the money from the innocent merchant . . . ." Id. at 461.

Here, the judge found Home Depot had no knowledge the items returned by Swomiak were stolen. Nor did plaintiffs demonstrate Home Depot participated in Swomiak's criminal actions. Thus, plaintiffs' evidence was insufficient to establish liability against Home Depot for conversion and the judge properly dismissed that claim as a matter of law.

A claim for aiding and abetting requires a plaintiff prove:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.
>
> [State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 387 N.J. Super. 469, 483 (App. Div. 2006).]

In this case, plaintiffs offered no evidence to establish Home Depot knew Swomiak was returning stolen items to receive a refund or that Home Depot

knowingly and substantially assisted Swomiak in stealing plaintiffs' tools and materials. Plaintiffs failed to cite any legal basis for their claim that Home Depot had an obligation to ensure the items returned to the store belonged to Swomiak and should have refused to accept returned items without a receipt. Thus, we agree with the judge that plaintiffs' claim against Home Depot for aiding and abetting in Swomiak's criminal enterprise failed as a matter of law.

Lastly, we reject plaintiffs' argument that outstanding discovery precluded the entry of summary judgment. Plaintiffs had ample opportunity to pursue all discovery on their claims. In fact, the motion judge granted five discovery extensions, all requested by plaintiffs, during the nearly two years this matter was litigated. Nor did plaintiffs identify what discovery they believed was outstanding and how the discovery would defeat Home Depot's motion. Badiali v. New Jersey Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015) ("A motion for summary judgment is not premature merely because discovery has not been completed, unless plaintiff is able to demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action.").

Having thoroughly reviewed the record, we conclude the motion judge properly granted summary judgment in favor of Home Depot.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1185-17T1